IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JAMES COTEREL, | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| CRYSTAL NAYLOR, | ) | |
| | ) | Case No.: 2:13-cv-4218 |
|           Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOREL JUVENILE GROUP, INC., | ) | |
| d/b/a Safety 1st | ) | |
|     **Serve: David Taylor** | ) | |
|         **2525 State Street** | ) | PLAINTIFF DEMANDS |
|         **Columbus, IN 47201** | ) | TRIAL BY JURY |
| | ) | |
| DOREL U.S.A., INC. , | ) | |
|     **Serve: CT Corporation System** | ) | |
|         **150 West market Street** | ) | |
|         **Suite 800** | ) | |
|         **Indianapolis, IN 46204** | ) | |
| | ) | |
| DOREL DESIGN AND DEVELOPMENT, | ) | |
| INC., | ) | |
|     **Serve: Erin Graybeal** | ) | |
|         **2525 State Street** | ) | |
|         **Columbus, IN 47201** | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| d/b/a Wal-Mart Supercenter | ) | |
|     **Serve: The Corporation Company** | ) | |
|         **124 West Capitol Ave** | ) | |
|         **Suite 1900** | ) | |
|         **Little Rock, AR 72201** | ) | |
| | ) | |
|           Defendants. | ) | |

## COMPLAINT

COME NOW Plaintiffs, JAMES COTEREL and CRYSTAL NAYLOR, by and through their attorneys, BROWN & CROUPPEN P.C., and state as follows for their Complaint against Defendants Dorel Juvenile Group, Inc. d/b/a Safety 1st, Dorel U.S.A., Inc., Dorel Design and Development, Inc., and Wal-Mart Stores, Inc. d/b/a Wal-Mart Supercenter:

## PRELIMINARY STATEMENT

1.      This action arises from the November 29, 2010 death of Jacob Coterel, James Coterel and Crystal Naylor's (hereafter "Plaintiffs") natural son, who escaped from a door equipped with a Safety 1st Grip 'n Twist Door Knob Cover designed, manufactured, tested, and marketed by Dorel Juvenile Group, Inc. d/b/a Safety 1st, Dorel U.S.A., Inc., and Dorel Design and Development, Inc., and distributed by Wal-Mart Stores, Inc. when it was used in the normal and customary manner.

2.      This is an action for the wrongful death of Jacob Coterel pursuant to RSMo 537.080.

## JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) because there is diversity of citizenship between Plaintiffs and the Defendants and the amount in controversy exceeds $75,000.00.

## VENUE

4.      Venue of this action properly lies in the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. § 1391 (b), because: The sale of the door knob cover occurred in the Western District of Missouri, the injury to Plaintiff occurred in Western District of Missouri, Plaintiffs reside in the Western District of Missouri and defendants are foreign corporations licensed to do business in the Western District of Missouri therefore a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Missouri.

## PARTIES

5.      Plaintiffs James Coterel and Crystal Naylor are residents of Pettis County, Missouri and were so at the time of the injuries alleged in this Complaint.

6.      At all times mentioned herein Defendants Dorel Juvenile Group, Inc., Dorel U.S.A., Inc., and Dorel Design and Development, Inc. were Indiana Corporations doing business in the State of Missouri under the name Safety 1st.

7.      At all times mentioned herein Wal-Mart Stores, Inc. was an Arkansas distribution corporation doing business in the State of Missouri.

8.      Defendants Dorel Juvenile Group, Inc. d/b/a Safety 1st, Dorel U.S.A., Inc., Dorel Design and Development, Inc. and Wal-Mart Stores, Inc. are in the business of manufacturing and distributing child safety equipment including the device that failed causing the injury at issue.

## FACTS COMMON TO ALL COUNTS

9.      Defendants Dorel Juvenile Group, Inc. d/b/a Safety 1st, Dorel U.S.A., Inc., and Dorel Design and Development, Inc. manufacture, sell, design, advertise, distribute and supply

3

the Safety 1st Grip 'n Twist Door Knob Cover at issue here (hereafter "Door Knob Cover").

10.     The Door Knob Cover, is a piece of child safety equipment that is clamped to a door handle to prevent a child from turning the handle and opening the door while allowing an adult to open the door. The product consists of two identical halves that incorporate six ribs to align and lock the two halves together. In the middle of each half is a gripping tab that is designed to deform when an adult grips and turns the door knob.

11.     Plaintiffs purchased the Door Knob Cover within one week before November 29, 2010 from Wal-Mart Stores, Inc. d/b/a Wal-Mart Supercenter located at 3201 W. Broadway Blvd in Sedalia, Missouri.

12.     Plaintiffs installed the Door Knob Covers in the intended and ordinary use one week before November 29, 2010.

13.     Plaintiffs realized that Jacob was learning to open doors in their home.

14.     Plaintiffs, in an attempt to provide safety for their child decided to purchase the Door Knob Cover.

15.     Plaintiffs relied on literature, advertisements and promotional packaging of the door knob cover at issue in order to select it for use in their home.

16.     In the early hours of November 29, 2010, Jacob Coterel, 23 months old, climbed out of his crib and to the front door of his house where he encountered the Door Knob Cover. He defeated the Door Knob Cover leaving it in pieces beside the door, enabling him to open the front door. Jacob opened the front door and walked to a pond into which he fell.

17.     Jacob Coterel suffered hypothermia and drowned before Plaintiffs woke up at 6:00 am on November 29, 2010 and found him in the nearby pond.

4

## COUNT I

## PRODUCTS LIABILITY OF DOREL JUVENILE GROUP, INC.

1.-17.  Plaintiffs re-allege paragraphs 1 – 17 of this Complaint as specifically stated herein.

18.     That on or before November 29, 2010, and for some time prior and subsequent thereto, Defendant, Dorel Juvenile Group, Inc., was engaged in the business of designing, preparing, manufacturing, maintaining, advertising, distributing, supplying, and selling child safety equipment and accessories therefore, including but not limited to the Door Knob Cover at issue herein.

19.     That prior to November 29, 2010, the Plaintiffs purchased the Door Knob Cover, which was advertised, distributed, supplied, and sold by Defendant, Wal-Mart Stores, Inc.

20.     That at all times material herein, Dorel Juvenile Group, Inc. had the duty to design, prepare, manufacture, advertise, distribute, supply, and sell Door Knob Covers with adequate strength to stop children from defeating them for the protection of Plaintiffs, their children, and other users of the product.

21.     That on the date of the occurrence complaint of and prior thereto, the Door Knob Cover was in the same or similar condition as it was in at the time of its sale and distribution by Defendants and/or any changes therein were foreseeable and the Door Knob Cover was then and there defective and unreasonably dangerous, as alleged below.

22.     That on November 29, 2010, and at all times prior thereto, Plaintiffs were in the exercise of ordinary care and caution for the safety of Jacob Coterel.

23.     That at the time of the occurrence hereinafter complained of and prior thereto, the Door Knob Cover designed, prepared, manufactured, maintained, advertised, distributed,

5

supplied and sold by Dorel Juvenile Group, Inc., was unreasonably dangerous in one or more of the following respects:

(a) It was easily defeated by young children;

(b) It had inadequate safety devices;

(c) It was likely to cause severe and permanent injuries to persons protected by the Door Knob Cover when used in the ordinary and usual manner, or in the manner in which the Dorel Juvenile Group, Inc. should have reasonably anticipated;

(d) It failed to give adequate instruction and warnings including, but not limited to:

(i)     Instructions concerning the necessity of periodic inspection, maintenance and danger of relying on the Door Knob Cover to protect children;

(ii)    Warnings that a child could easily defeat the Door Knob Cover by pulling on it;

(iii)   Warnings that it should not be used as the only means of preventing a child from accessing the door;

(e) It lacked a failsafe device;

(f) Its halves were too easily pulled apart; and

(g) It had an inadequate locking system.

24.     That as a direct and proximate result of the defective and unreasonably dangerous condition of the Door Knob Cover used by Plaintiffs, Jacob Coterel defeated the Door Knob Cover and opened the front door to exit the house and walk one hundred and fifty feet to a nearby pond while his parents slept when Plaintiffs used the Door Knob Cover in the ordinary and customary manner or in the manner in which Dorel Juvenile Group, Inc. should have reasonably anticipated.

Case 2:13-cv-04218-SRB   Document 1   Filed 10/16/13   Page 6 of 28

25.     That as a direct and proximate result of defective and unreasonably dangerous condition of the Door Knob Cover used by Plaintiffs, Jacob Coterel fell in the nearby pond, got hypothermia and drowned and Plaintiffs suffered severe acute and prolonged physical and mental pain and suffering; Plaintiffs incurred medical, funeral and burial expenses for their son; and Plaintiffs were deprived of the support, love, care, comfort, guidance, consortium, society and companionship of their son, Jacob Coterel; all to their damage.

WHEREFORE, Plaintiffs James Coterel and Crystal Naylor, by and through their attorneys, pray for judgment against Defendant Dorel Juvenile Group, Inc., for an amount in excess of $75,000.00 and for any other relief this court deems proper.

## COUNT II

## NEGLIGENCE OF DOREL JUVENILE GROUP, INC.

1.-25.   Plaintiffs re-allege paragraphs 1 – 25 of this Complaint as specifically set forth herein.

26.     That on or before November 29, 2010, and for some time prior and subsequent thereto, Defendant, Dorel Juvenile Group, Inc., was engaged in the business of designing, preparing, manufacturing, maintaining, advertising, distributing, supplying, and selling child safety equipment and accessories therefore, including but not limited to the Door Knob Cover at issue herein.

27.     That prior to November 29, 2010, the Plaintiffs purchased the Door Knob Cover, which were advertised, distributed, supplied, and sold by Defendant, Wal-Mart Stores, Inc.

28.     That at all times material herein, Dorel Juvenile Group, Inc. had the duty to design, prepare, manufacture, advertise, distribute, supply, and sell Door Knob Covers with adequate strength to stop children from defeating them for the protection of Plaintiffs, their

7

children, and other users of the product.

29.     That on November 29, 2010, and at all times prior thereto, Plaintiffs were in the exercise of ordinary care and caution for the safety of Jacob Coterel.

30.     That at the time of the occurrence hereinafter complained of and prior thereto, Dorel Juvenile Group, Inc., by and through its duly authorized agents, servants, and/or employees, carelessly and negligently:

(a) Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold the Door Knob Cover and component parts thereof, in a manner that made it easily defeated by young children;

(b) Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold the Door Knob Cover with inadequate safety devices, so that the Door Knob Cover was a dangerous instrumentality and likely to cause severe and permanent injuries to children protected by such Door Knob Cover when using the Door Knob Cover in the ordinary and usual manner, or in the manner in which Dorel Juvenile Group, Inc. should have reasonably anticipated;

(c) Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold the Door Knob Cover which was likely to cause severe and permanent injuries to persons protected by the Door Knob Cover when used  in the ordinary and usual manner, or in the manner in which the Dorel Juvenile Group, Inc. should have reasonably anticipated;

(d) Failed to give adequate instruction and warning concerning the necessity of periodic inspection, maintenance and danger of relying on the Door Knob Cover to protect children;

(e) Failed to install on the Door Knob Cover certain protective or safety devices reasonably adequate to prevent children from opening the door after the Door Knob Cover is

8

defeated thereby creating a hazard to children protected by the Door Knob Cover in the usual manner, or in the manner in which Dorel Juvenile Group, Inc. should have reasonably anticipated;

(f) Failed to install on the Door Knob Cover protective or safety devices reasonably adequate to prevent children, including Jacob Coterel, from defeating it during usage;

(g) Failed to properly inspect the Door Knob Cover to determine whether the two halves would stay together when pulled on by a child making it reasonably safe for the purpose for which it was intended;

(h) Failed to give a reasonably adequate warning to those persons, including the Plaintiffs, who would rely on the Door Knob Cover's not failing and thereby becoming an unreasonable hazard to children protected by the Door Knob Cover in the ordinary and customary manner because children would be able to get through doors that they shouldn't;

(i) Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold the Door Knob Cover without an adequate locking system, creating a hazard to children protected by the Door Knob Cover in the ordinary and customary manner, or in the manner in which Dorel Juvenile Group, Inc. should have reasonably anticipated; and

(j) Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold the Door Knob Cover in a manner that enabled it to be defeated by children in the ordinary and customary manner or in a manner in which Dorel Juvenile Group, Inc. should reasonably have anticipated.

31.     That as a direct and proximate result of one or more of the foregoing careless and negligent acts of Dorel Juvenile Group, Inc., Jacob Coterel defeated the Door Knob Cover and opened the front door to exit the house and walk one hundred and fifty feet to a nearby pond

while his parents slept when Plaintiffs used the Door Knob Cover in the ordinary and customary manner or in the manner in which Dorel Juvenile Group, Inc. should have reasonably anticipated.

32.     That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of Dorel Juvenile Group, Inc., Jacob Coterel fell in the nearby pond, got hypothermia and drowned and Plaintiffs suffered severe acute and prolonged physical and mental pain and suffering; Plaintiffs incurred medical, funeral and burial expenses for their son; and Plaintiffs were deprived of the support, love, care, comfort, guidance, consortium, society and companionship of their son, Jacob Coterel; all to their damage. And the circumstances of his death were aggravating.

33.     With conscious disregard for the safety of others, Defendants failed to do one or more of the following:

(a)     Defendants failed to remove the Door Knob Cover and other similar devices from the market;

(b)     Defendants failed to warn parents of the defects in the Door Knob Cover, including its ease of defeat; and

(c)     Defendants failed to modify the manufacture and/or design of the Door Knob Cover so it would succeed in stopping children like Jacob Coterel from defeating it.

WHEREFORE, Plaintiffs James Coterel and Crystal Naylor, by and through their attorneys, pray for judgment against Defendant Dorel Juvenile Group, Inc., for an amount in excess of $75,000.00 and for any other relief this court deems proper.

## COUNT III

## PRODUCT LIABILITY OF DOREL U.S.A., INC.

1.-33.   Plaintiffs re-allege paragraphs 1 – 33 of this Complaint as specifically set forth herein.

34.      That on or before November 29, 2010, and for some time prior and subsequent thereto, Defendant, Dorel U.S.A., Inc., was engaged in the business of designing, preparing, manufacturing, maintaining, advertising, distributing, supplying, and selling child safety equipment and accessories therefore, including but not limited to the Door Knob Cover at issue herein.

35.      That prior to November 29, 2010, the Plaintiffs purchased the Door Knob Cover, which was advertised, distributed, supplied, and sold by Defendant, Wal-Mart Stores, Inc.

36.      That at all times material herein, Dorel U.S.A., Inc. had the duty to design, prepare, manufacture, advertise, distribute, supply, and sell Door Knob Covers with adequate strength to stop children from defeating them for the protection of Plaintiffs, their children, and other users of the product.

37.      That on the date of the occurrence complaint of and prior thereto, the Door Knob Cover was in the same or similar condition as it was in at the time of its sale and distribution by Defendants and/or any changes therein were foreseeable and the Door Knob Cover was then and there defective and unreasonably dangerous, as alleged below.

38.      That on November 29, 2010, and at all times prior thereto, Plaintiffs were in the exercise of ordinary care and caution for the safety of Jacob Coterel.

39.      That at the time of the occurrence hereinafter complained of and prior thereto, the Door Knob Cover designed, prepared, manufactured, maintained, advertised, distributed, supplied and sold by Dorel U.S.A., Inc., was unreasonably dangerous in one or more of the following respects:

11

(a) It was easily defeated by young children;

(b) It had inadequate safety devices;

(c) It was likely to cause severe and permanent injuries to persons protected by the Door Knob Cover when used in the ordinary and usual manner, or in the manner in which the Dorel U.S.A., Inc. should have reasonably anticipated;

(d) It failed to give adequate instruction and warnings including, but not limited to:

    (i)       Instructions concerning the necessity of periodic inspection, maintenance and danger of relying on the Door Knob Cover to protect children;

    (ii)      Warnings that a child could easily defeat the Door Knob Cover by pulling on it;

    (iii)     Warnings that it should not be used as the only means of preventing a child from accessing the door;

(e) It lacked a failsafe device;

(f) Its halves were too easily pulled apart; and

(g) It had an inadequate locking system.

40.     That as a direct and proximate result of the defective and unreasonably dangerous condition of the Door Knob Cover used by Plaintiffs, Jacob Coterel defeated the Door Knob Cover and opened the front door to exit the house and walk one hundred and fifty feet to a nearby pond while his parents slept when Plaintiffs used the Door Knob Cover in the ordinary and customary manner or in the manner in which Dorel U.S.A., Inc. should have reasonably anticipated.

41.     That as a direct and proximate result of defective and unreasonably dangerous condition of the Door Knob Cover used by Plaintiffs, Jacob Coterel fell in the nearby pond, got

hypothermia and drowned and Plaintiffs suffered severe acute and prolonged physical and mental pain and suffering; Plaintiffs incurred medical, funeral and burial expenses for their son; and Plaintiffs were deprived of the support, love, care, comfort, guidance, consortium, society and companionship of their son, Jacob Coterel; all to their damage.

WHEREFORE, Plaintiffs James Coterel and Crystal Naylor, by and through their attorneys, pray for judgment against Defendant Dorel U.S.A., Inc., for an amount in excess of $75,000.00 and for any other relief this court deems proper.

**COUNT IV**

**NEGLIGENCE OF DOREL U.S.A., INC.**

1.-41.   Plaintiffs re-allege paragraphs 1 – 41 of this Complaint.

42.     That on or before November 29, 2010, and for some time prior and subsequent thereto, Defendant, Dorel U.S.A., Inc., was engaged in the business of designing, preparing, manufacturing, maintaining, advertising, distributing, supplying, and selling child safety equipment and accessories therefore, including but not limited to the Door Knob Cover at issue herein.

43.     That prior to November 29, 2010, the Plaintiffs purchased the Door Knob Cover, which were advertised, distributed, supplied, and sold by Defendant, Wal-Mart Stores, Inc.

44.     That at all times material herein, Dorel U.S.A., Inc. had the duty to design, prepare, manufacture, advertise, distribute, supply, and sell Door Knob Covers with adequate strength to stop children from defeating them for the protection of Plaintiffs, their children, and other users of the product.

45.     That on November 29, 2010, and at all times prior thereto, Plaintiffs were in the exercise of ordinary care and caution for the safety of Jacob Coterel.

Case 2:13-cv-04218-SRB   Document 1   Filed 10/16/13   Page 13 of 28

46.     That at the time of the occurrence hereinafter complained of and prior thereto, Dorel U.S.A., Inc., by and through its duly authorized agents, servants, and/or employees, carelessly and negligently:

(a) Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold the Door Knob Cover and component parts thereof, in a manner that made it easily defeated by young children;

(b) Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold the Door Knob Cover with inadequate safety devices, so that the Door Knob Cover was a dangerous instrumentality and likely to cause severe and permanent injuries to children protected by such Door Knob Cover when using the Door Knob Cover in the ordinary and usual manner, or in the manner in which Dorel U.S.A., Inc. should have reasonably anticipated;

(c) Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold the Door Knob Cover which was likely to cause severe and permanent injuries to persons protected by the Door Knob Cover when used  in the ordinary and usual manner, or in the manner in which Dorel U.S.A., Inc. should have reasonably anticipated;

(d) Failed to give adequate instruction and warning concerning the necessity of periodic inspection, maintenance and danger of relying on the Door Knob Cover to protect children;

(e) Failed to install on the Door Knob Cover certain protective or safety devices reasonably adequate to prevent children from opening the door after the Door Knob Cover is defeated thereby creating a hazard to children protected by the Door Knob Cover in the usual manner, or in the manner in which Dorel U.S.A., Inc. should have reasonably anticipated;

 (f) Failed to install on the Door Knob Cover protective or safety devices reasonably

adequate to prevent children, including Jacob Coterel, from defeating it during usage;

(g) Failed to properly inspect the Door Knob Cover to determine whether the two halves would stay together when pulled on by a child making it reasonably safe for the purpose for which it was intended;

(h) Failed to give a reasonably adequate warning to those persons, including the Plaintiffs, who would rely on the Door Knob Cover's not failing and thereby becoming an unreasonable hazard to children protected by the Door Knob Cover in the ordinary and customary manner because children would be able to get through doors that they shouldn't;

(i) Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold the Door Knob Cover without an adequate locking system, creating a hazard to children protected by the Door Knob Cover in the ordinary and customary manner, or in the manner in which Dorel U.S.A., Inc. should have reasonably anticipated; and

(j) Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold the Door Knob Cover in a manner that enabled it to be defeated by children in the ordinary and customary manner or in a manner in which Dorel U.S.A., Inc. should reasonably have anticipated.

47.     That as a direct and proximate result of one or more of the foregoing careless and negligent acts of Dorel U.S.A., Inc., Jacob Coterel defeated the Door Knob Cover and opened the front door to exit the house and walk one hundred and fifty feet to a nearby pond while his parents slept when Plaintiffs used the Door Knob Cover in the ordinary and customary manner or in the manner in which Dorel U.S.A., Inc. should have reasonably anticipated.

48.     That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of Dorel U.S.A., Inc., Jacob Coterel fell in the nearby pond, got

Case 2:13-cv-04218-SRB   Document 1   Filed 10/16/13   Page 15 of 28

hypothermia and drowned and Plaintiffs suffered severe acute and prolonged physical and mental pain and suffering; Plaintiffs incurred medical, funeral and burial expenses for their son; and Plaintiffs were deprived of the support, love, care, comfort, guidance, consortium, society and companionship of their son, Jacob Coterel; all to their damage. And the circumstances of his death were aggravating.

49.     With conscious disregard for the safety of others, Defendants failed to do one or more of the following:

(a)     Defendants failed to remove the Door Knob Cover and other similar devices from the market;

(b)     Defendants failed to warn parents of the defects in the Door Knob Cover, including its ease of defeat; and

(c)     Defendants failed to modify the manufacture and/or design of the Door Knob Cover so it would succeed in stopping children like Jacob Coterel from defeating it.

WHEREFORE, Plaintiffs James Coterel and Crystal Naylor, by and through their attorneys, pray for judgment against Defendant Dorel U.S.A., Inc., for an amount in excess of $75,000.00 and for any other relief this court deems proper.

## COUNT V

## PRODUCT LIABILITY OF DOREL DESIGN AND DEVELOPMENT, INC.

1.-49.  Plaintiffs re-allege paragraphs 1 – 49 of this Complaint as specifically set forth herein.

50.     That on or before November 29, 2010, and for some time prior and subsequent thereto, Defendant, Dorel Design and Development, Inc., was engaged in the business of designing, preparing, manufacturing, maintaining, advertising, distributing, supplying, and

16

selling child safety equipment and accessories therefore, including but not limited to the Door Knob Cover at issue herein.

51.    That prior to November 29, 2010, the Plaintiffs purchased the Door Knob Cover, which was advertised, distributed, supplied, and sold by Defendant, Wal-Mart Stores, Inc.

52.    That at all times material herein, Dorel Design and Development, Inc. had the duty to design, prepare, manufacture, advertise, distribute, supply, and sell Door Knob Covers with adequate strength to stop children from defeating them for the protection of Plaintiffs, their children, and other users of the product.

53.    That on the date of the occurrence complaint of and prior thereto, the Door Knob Cover was in the same or similar condition as it was in at the time of its sale and distribution by Defendants and/or any changes therein were foreseeable and the Door Knob Cover was then and there defective and unreasonably dangerous, as alleged below.

54.    That on November 29, 2010, and at all times prior thereto, Plaintiffs were in the exercise of ordinary care and caution for the safety of Jacob Coterel.

55.    That at the time of the occurrence hereinafter complained of and prior thereto, the Door Knob Cover designed, prepared, manufactured, maintained, advertised, distributed, supplied and sold by Dorel Design and Development, Inc., was unreasonably dangerous in one or more of the following respects:

(a) It was easily defeated by young children;

(b) It had inadequate safety devices;

(c) It was likely to cause severe and permanent injuries to persons protected by the Door Knob Cover when used in the ordinary and usual manner, or in the manner in which the Dorel Design and Development, Inc. should have reasonably anticipated;

(d) It failed to give adequate instruction and warnings including, but not limited to:

(i)     Instructions concerning the necessity of periodic inspection, maintenance and danger of relying on the Door Knob Cover to protect children;

(ii)    Warnings that a child could easily defeat the Door Knob Cover by pulling on it;

(iii)   Warnings that it should not be used as the only means of preventing a child from accessing the door;

(e) It lacked a failsafe device;

(f) Its halves were too easily pulled apart; and

(g) It had an inadequate locking system.

56.     That as a direct and proximate result of the defective and unreasonably dangerous condition of the Door Knob Cover used by Plaintiffs, Jacob Coterel defeated the Door Knob Cover and opened the front door to exit the house and walk one hundred and fifty feet to a nearby pond while his parents slept when Plaintiffs used the Door Knob Cover in the ordinary and customary manner or in the manner in which Dorel Design and Development, Inc. should have reasonably anticipated.

57.     That as a direct and proximate result of defective and unreasonably dangerous condition of the Door Knob Cover used by Plaintiffs, Jacob Coterel fell in the nearby pond, got hypothermia and drowned and Plaintiffs suffered severe acute and prolonged physical and mental pain and suffering; Plaintiffs incurred medical, funeral and burial expenses for their son; and Plaintiffs were deprived of the support, love, care, comfort, guidance, consortium, society and companionship of their son, Jacob Coterel; all to their damage.

WHEREFORE, Plaintiffs James Coterel and Crystal Naylor, by and through their

attorneys, pray for judgment against Defendant Dorel Design and Development, Inc., for an amount in excess of $75,000.00 and for any other relief this court deems proper.

**COUNT VI**

**NEGLIGENCE OF DOREL DESIGN AND DEVELOPMENT, INC.**

1.-57.   Plaintiffs re-allege paragraphs 1 – 57 of this Complaint.

58.   That on or before November 29, 2010, and for some time prior and subsequent thereto, Defendant, Dorel Design and Development, Inc., was engaged in the business of designing, preparing, manufacturing, maintaining, advertising, distributing, supplying, and selling child safety equipment and accessories therefore, including but not limited to the Door Knob Cover at issue herein.

59.   That prior to November 29, 2010, the Plaintiffs purchased the Door Knob Cover, which were advertised, distributed, supplied, and sold by Defendant, Wal-Mart Stores, Inc.

60.   That at all times material herein, Dorel Design and Development, Inc. had the duty to design, prepare, manufacture, advertise, distribute, supply, and sell Door Knob Covers with adequate strength to stop children from defeating them for the protection of Plaintiffs, their children, and other users of the product.

61.   That on November 29, 2010, and at all times prior thereto, Plaintiffs were in the exercise of ordinary care and caution for the safety of Jacob Coterel.

62.   That at the time of the occurrence hereinafter complained of and prior thereto, Dorel Design and Development, Inc., by and through its duly authorized agents, servants, and/or employees, carelessly and negligently:

(a) Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold the Door Knob Cover and component parts thereof, in a manner that made it easily

19

defeated by young children;

(b) Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold the Door Knob Cover with inadequate safety devices, so that the Door Knob Cover was a dangerous instrumentality and likely to cause severe and permanent injuries to children protected by such Door Knob Cover when using the Door Knob Cover in the ordinary and usual manner, or in the manner in which Dorel Design and Development, Inc. should have reasonably anticipated;

(c) Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold the Door Knob Cover which was likely to cause severe and permanent injuries to persons protected by the Door Knob Cover when used in the ordinary and usual manner, or in the manner in which Dorel Design and Development., Inc. should have reasonably anticipated;

(d) Failed to give adequate instruction and warning concerning the necessity of periodic inspection, maintenance and danger of relying on the Door Knob Cover to protect children;

(e) Failed to install on the Door Knob Cover certain protective or safety devices reasonably adequate to prevent children from opening the door after the Door Knob Cover is defeated thereby creating a hazard to children protected by the Door Knob Cover in the usual manner, or in the manner in which Dorel Design and Development, Inc., Inc. should have reasonably anticipated;

(f) Failed to install on the Door Knob Cover protective or safety devices reasonably adequate to prevent children, including Jacob Coterel, from defeating it during usage;

(g) Failed to properly inspect the Door Knob Cover to determine whether the two halves would stay together when pulled on by a child making it reasonably safe for the purpose for which it was intended;

(h) Failed to give a reasonably adequate warning to those persons, including the Plaintiffs, who would rely on the Door Knob Cover's not failing and thereby becoming an unreasonable hazard to children protected by the Door Knob Cover in the ordinary and customary manner because children would be able to get through doors that they shouldn't;

(i) Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold the Door Knob Cover without an adequate locking system, creating a hazard to children protected by the Door Knob Cover in the ordinary and customary manner, or in the manner in which Dorel Design and Development, Inc. should have reasonably anticipated; and

(j) Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold the Door Knob Cover in a manner that enabled it to be defeated by children in the ordinary and customary manner or in a manner in which Dorel Design and Development, Inc. should reasonably have anticipated.

63.     That as a direct and proximate result of one or more of the foregoing careless and negligent acts of Dorel Design and Development, Inc. Jacob Coterel defeated the Door Knob Cover and opened the front door to exit the house and walk one hundred and fifty feet to a nearby pond while his parents slept when Plaintiffs used the Door Knob Cover in the ordinary and customary manner or in the manner in which Dorel Design and Development, Inc. should have reasonably anticipated.

64.     That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of Dorel Design and Development, Inc. Jacob Coterel fell in the nearby pond, got hypothermia and drowned and Plaintiffs suffered severe acute and prolonged physical and mental pain and suffering; Plaintiffs incurred medical, funeral and burial expenses for their son; and Plaintiffs were deprived of the support, love, care, comfort,

guidance, consortium, society and companionship of their son, Jacob Coterel; all to their damage. And the circumstances of his death were aggravating.

65.     With conscious disregard for the safety of others, Defendants failed to do one or more of the following:

(a)     Defendants failed to remove the Door Knob Cover and other similar devices from the market;

(b)     Defendants failed to warn parents of the defects in the Door Knob Cover, including its ease of defeat; and

(c)     Defendants failed to modify the manufacture and/or design of the Door Knob Cover so it would succeed in stopping children like Jacob Coterel from defeating it.

WHEREFORE, Plaintiffs James Coterel and Crystal Naylor, by and through their attorneys, pray for judgment against Defendant Dorel Design and Development, Inc. for an amount in excess of $75,000.00 and for any other relief this court deems proper.

## COUNT VII

## PRODUCT LIABILITY OF WAL-MART STORES, INC.

1.-65.   Plaintiffs re-allege paragraphs 1 – 65 of this Complaint as if specifically set forth herein.

66.     That on or before November 29, 2010, and for some time prior and subsequent thereto, Defendant, Wal-Mart Stores Inc., was engaged in the business of maintaining, advertising, distributing, supplying, and selling child safety equipment and accessories therefore, including but not limited to the Door Knob Cover at issue herein.

67.     That prior to November 29, 2010, the Plaintiffs purchased the Door Knob Cover, which was advertised, distributed, supplied, and sold by Defendant, Wal-Mart Stores, Inc.

68.     That at all times material herein, Wal-Mart Stores, Inc. had the duty to maintain advertise, distribute, supply, and sell Door Knob Covers with adequate strength to stop children from defeating them for the protection of Plaintiffs, their children, and other users of the product.

69.     That on the date of the occurrence complaint of and prior thereto, the Door Knob Cover was in the same or similar condition as it was in at the time of its sale and distribution by Defendants and/or any changes therein were foreseeable and the Door Knob Cover was then and there defective and unreasonably dangerous, as alleged below.

70.     That on November 29, 2010, and at all times prior thereto, Plaintiffs were in the exercise of ordinary care and caution for the safety of Jacob Coterel.

71.     That at the time of the occurrence hereinafter complained of and prior thereto, the Door Knob Cover maintained, advertised, distributed, supplied and sold by Wal-Mart Stores, Inc., was unreasonably dangerous in one or more of the following respects:

(a) It was easily defeated by young children;

(b) It had inadequate safety devices;

(c) It was likely to cause severe and permanent injuries to persons protected by the Door Knob Cover when used in the ordinary and usual manner, or in the manner in which the Wal-Mart Stores, Inc. should have reasonably anticipated;

(d) It failed to give adequate instruction and warnings including, but not limited to:

(i)     Instructions concerning the necessity of periodic inspection, maintenance and danger of relying on the Door Knob Cover to protect children;

(ii)    Warnings that a child could easily defeat the Door Knob Cover by pulling on it;

23

(iii)     Warnings that it should not be used as the only means of preventing a child from accessing the door;

(e) It lacked a failsafe device;

(f) Its halves were too easily pulled apart; and

(g) It had an inadequate locking system.

72.     That as a direct and proximate result of the defective and unreasonably dangerous condition of the Door Knob Cover used by Plaintiffs, Jacob Coterel defeated the Door Knob Cover and opened the front door to exit the house and walk one hundred and fifty feet to a nearby pond while his parents slept when Plaintiffs used the Door Knob Cover in the ordinary and customary manner or in the manner in which Wal-Mart Stores, Inc. should have reasonably anticipated.

73.     That as a direct and proximate result of defective and unreasonably dangerous condition of the Door Knob Cover used by Plaintiffs, Jacob Coterel fell in the nearby pond, got hypothermia and drowned and Plaintiffs suffered severe acute and prolonged physical and mental pain and suffering; Plaintiffs incurred medical, funeral and burial expenses for their son; and Plaintiffs were deprived of the support, love, care, comfort, guidance, consortium, society and companionship of their son, Jacob Coterel; all to their damage.

WHEREFORE, Plaintiffs James Coterel and Crystal Naylor, by and through their attorneys, pray for judgment against Wal-Mart Stores, Inc., for an amount in excess of $75,000.00 and for any other relief this court deems proper.

## COUNT VIII

## NEGLIGENCE OF WAL-MART STORES, INC.

1.-73.  Plaintiffs re-allege paragraphs 1 –73 of this Complaint.

24

74. That on or before November 29, 2010, and for some time prior and subsequent thereto, Defendant, Wal-Mart Stores, Inc., was engaged in the business of maintaining, advertising, distributing, supplying, and selling child safety equipment and accessories therefore, including but not limited to the Door Knob Cover at issue herein.

75. That prior to November 29, 2010, the Plaintiffs purchased the Door Knob Cover, which was advertised, distributed, supplied, and sold by Defendant, Wal-Mart Stores, Inc.

76. That at all times material herein, Wal-Mart Stores, Inc. had the duty to advertise, distribute, supply, and sell Door Knob Covers with adequate strength to stop children from defeating them for the protection of Plaintiffs, their children, and other users of the product.

77. That on November 29, 2010, and at all times prior thereto, Plaintiffs were in the exercise of ordinary care and caution for the safety of Jacob Coterel.

78. That at the time of the occurrence hereinafter complained of and prior thereto, Wal-Mart Stores, Inc., by and through its duly authorized agents, servants, and/or employees, carelessly and negligently:

(a) Maintained, advertised, distributed, supplied, and sold the Door Knob Cover and component parts thereof, in a manner that made it easily defeated by young children;

(b) Maintained, advertised, distributed, supplied, and sold the Door Knob Cover with inadequate safety devices, so that the Door Knob Cover was a dangerous instrumentality and likely to cause severe and permanent injuries to children protected by such Door Knob Cover when using the Door Knob Cover in the ordinary and usual manner, or in the manner in which Wal-Mart Stores, Inc. should have reasonably anticipated;

(c) Maintained, advertised, distributed, supplied, and sold the Door Knob Cover which was likely to cause severe and permanent injuries to persons protected by the Door Knob

25

Cover when used in the ordinary and usual manner, or in the manner in which Wal-Mart Stores, Inc. should have reasonably anticipated;

(d) Failed to give adequate instruction and warning concerning the necessity of periodic inspection, maintenance and danger of relying on the Door Knob Cover to protect children;

(e) Failed to install on the Door Knob Cover certain protective or safety devices reasonably adequate to prevent children from opening the door after the Door Knob Cover is defeated thereby creating a hazard to children protected by the Door Knob Cover in the usual manner, or in the manner in which Wal-Mart Stores, Inc. should have reasonably anticipated;

(f) Failed to install on the Door Knob Cover protective or safety devices reasonably adequate to prevent children, including Jacob Coterel, from defeating it during usage;

(g) Failed to properly inspect the Door Knob Cover to determine whether the two halves would stay together when pulled on by a child making it reasonably safe for the purpose for which it was intended;

(h) Failed to give a reasonably adequate warning to those persons, including the Plaintiffs, who would rely on the Door Knob Cover's not failing and thereby becoming an unreasonable hazard to children protected by the Door Knob Cover in the ordinary and customary manner because children would be able to get through doors that they shouldn't;

(i) Maintained, advertised, distributed, supplied, and sold the Door Knob Cover without an adequate locking system, creating a hazard to children protected by the Door Knob Cover in the ordinary and customary manner, or in the manner in which Wal-Mart Stores, Inc. should have reasonably anticipated; and

(j) Maintained, advertised, distributed, supplied, and sold the Door Knob Cover in a manner that enabled it to be defeated by children in the ordinary and customary manner or in a

Case 2:13-cv-04218-SRB   Document 1   Filed 10/16/13   Page 26 of 28

manner in which Wal-Mart Stores, Inc. should reasonably have anticipated.

79.    That as a direct and proximate result of one or more of the foregoing careless and negligent acts of Wal-Mart Stores, Inc., Jacob Coterel defeated the Door Knob Cover and opened the front door to exit the house and walk one hundred and fifty feet to a nearby pond while his parents slept when Plaintiffs used the Door Knob Cover in the ordinary and customary manner or in the manner in which Wal-Mart Stores, Inc. should have reasonably anticipated.

80.    That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of Wal-Mart Stores, Inc., Jacob Coterel fell in the nearby pond, got hypothermia and drowned and Plaintiffs suffered severe acute and prolonged physical and mental pain and suffering; Plaintiffs incurred medical, funeral and burial expenses for their son; and Plaintiffs were deprived of the support, love, care, comfort, guidance, consortium, society and companionship of their son, Jacob Coterel; all to their damage. And the circumstances of his death were aggravating.

81.    With conscious disregard for the safety of others, Defendants failed to do one or more of the following:

(a)    Defendants failed to remove the Door Knob Cover and other similar devices from the market;

(b)    Defendants failed to warn parents of the defects in the Door Knob Cover, including its ease of defeat; and

(c)    Defendants failed to modify the manufacture and/or design of the Door Knob Cover so it would succeed in stopping children like Jacob Coterel from defeating it.

WHEREFORE, Plaintiffs James Coterel and Crystal Naylor, by and through their

attorneys, pray for judgment against Defendant Wal-Mart Stores, Inc., for an amount in excess of

$75,000.00 and for any other relief this court deems proper.

BROWN & CROUPPEN, P.C.

BY:   /s/ J. Brad Wilmoth
          J. Brad Wilmoth #56922
          Dale R. Funk, #65326MO
          Brown & Crouppen, P.C.
          Attorney for Plaintiff
          One Metropolitan Square
          211 N. Broadway
          Suite 1600
          St. Louis, MO  63102
          (314) 421-0216
          (314) 421-0359 (Fax)
          pipleadings@getbc.com