IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JAMES COTEREL, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CRYSTAL NAYLOR, | ) | Case No. 2:13-cv-4218-SRB |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOREL JUVENILE GROUP, | ) | |
| INC., | ) | |
| d/b/a Safety 1st, | ) | |
| | ) | |
| Defendant. | | |

**PARTIES' STATEMENT CONCERNING PROPOSED
JURY INSTRUCTIONS AND OBJECTIONS TO THOSE JURY
INSTRUCTIONS TO WHICH THE PARTIES DO NOT AGREE**

Defendant Dorel Juvenile Group, Inc. ("Defendant") and Plaintiffs submit the following and the attached in accordance with Paragraph 3(j) of the Court's "Trial Order for Jury Trial" (Doc. 107) dated February 3, 2015.

Attached hereto as Exhibits A and B are sourced and unsourced copies of Defendant's proposed jury instructions and forms of verdict as to which there is no agreement with plaintiffs. Each party will submit an

editable version in Microsoft Word file format to be e mailed as well to the Courtroom Deputy in accordance with Paragraph 3(j)(iii) of the Trial Order for Jury Trial.  Attached as Exhibit C are plaintiffs' proposed jury instructions and verdict form.

The parties are largely in agreement as to the preliminary instructions to be given to the jury.  Plaintiffs have tendered those preliminary instructions except as and where noted.  Thus these are not included in Exhibits A and B.  See below which come from Plaintiffs' Proposed Instructions in Exhibit C:

1. *Manual of Model Civil Jury Instructions for The District Courts of The Eighth Circuit* (2014) 1.3.

**Submitted by plaintiffs. No objection from defendant.**

2. *Manual of Model Civil Jury Instructions for The District Courts of The Eighth Circuit* (2014) 1.4.

**Submitted by plaintiffs. No objection from defendant.**

3. *Manual of Model Civil Jury Instructions for The District Courts of The Eighth Circuit* (2014) 1.5.

**Submitted by plaintiffs. No objection from defendant.**

4. *Manual of Model Civil Jury Instructions for The District Courts of The Eighth Circuit* (2014) 1.6.

**Submitted by plaintiffs. No objection from defendant.**

5. *Manual of Model Civil Jury Instructions for The District Courts of The Eighth Circuit* (2014) 1.8.

**Submitted by plaintiffs. No objection from defendant.**

6. *Manual of Model Civil Jury Instructions for The District Courts of The Eighth Circuit* (2014) 1.9.

**Submitted by plaintiffs. No objection from defendant.**

7. *Manual of Model Civil Jury Instructions for The District Courts of The Eighth Circuit* (2014) 2.3.

**Submitted by plaintiffs. No objection from defendant.**

8. *Manual of Model Civil Jury Instructions for The District Courts of The Eighth Circuit* (2014) 3.2.

**Submitted by plaintiffs. No objection from defendant.**

9. *Manual of Model Civil Jury Instructions for The District Courts of The Eighth Circuit* (2014) 3.3.

**Submitted by plaintiffs. No objection from defendant.**

10. *Manual of Model Civil Jury Instructions for The District Courts of The Eighth Circuit* (2014) 3.4.

**Submitted by plaintiffs. No objection from defendant.**

11. *Manual of Model Civil Jury Instructions for The District Courts of The Eighth Circuit* (2014) 3.6.

**Submitted by plaintiffs. No objection from defendant.**

**Note:** Plaintiff omitted Eighth Circuit Model Instruction 2.15 (relating to testimony provided by deposition). Defendant suggests that

this instruction be given and has tendered it.

**Note:** If and to the extent the parties reach any stipulation of fact or facts, then Eighth Circuit Model Instruction 2.3 should be given to the jury.

However, the parties are in sharp disagreement as to the substantive instructions on the claims to be submitted and the manner in which they are packaged and presented to the jury.

## DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS (EXHIBIT C)

12. M.A.I. 2.04 [1981 Revision]

Plaintiff submits M.A.I. 2.04 [1981 Revision]. While correct as far as it goes, it tenders only one claim to the jury, that for the wrongful death of Jacob Coterel premised on the two theories in the case (strict product liability and negligence-based product liability). It fails to advise the jury that there are two claims in the case, the second being for contribution by Defendant from the Plaintiffs in their capacity as joint tortfeasors for contribution and fault allocation purposes under *Teeter v. Missouri Highway and Transportation Comm'n*, 891 S.W.2d 817 (Mo. 1995) and RSMo §537.067 (2005). As stated, plaintiff's instruction is confusing, misleading, and prejudicial, misstates the law, tends to induce the jury to decide the case on

an improper basis and by failing to advise the jury of all proper claims and issues in the case, deprives Defendant of meritorious issues and contentions material to its defense. This is part of the larger problem in plaintiffs' instructions and verdict form, in that they are problematic for what they do not convey to the jury in addition to what they do convey to the jury.

13. M.A.I. 3.01 [1998 Revision]

Defendant has no objection to this instruction if and to the extent Plaintiffs have a submissible claim for aggravating circumstance damages.

14. M.A.I. 11.07 [1996 Revision]

Defendant has no objection to this definitional instruction.

15. M.A.I. 25.04 [1978 Revision] [modified]

Defendant objects to Plaintiffs' MAI 25.04 instruction. First, the court has discretion and power to depart from the literal terms of MAI in this case. *Porter v. C.A. Dawson & Co.*, 703 F.2d 290, 292 (8th Cir. 1989). "We also note that federal trial courts applying state law need not use the exact language of model or approved jury instructions. *Chohlis v. Cessna Aircraft Co.,* 760 F.2d 901, 904–05 (8th Cir.1985)." *Stull v. Fuqua Industries, Inc.*, 906 F.2d 1271, 1277 n. 10 (8th Cir. 1990). "(T)he standard is whether the

instructions as a whole …fairly and fully present[] the issues to the jury." *La Barge Water Well Supply Co. v. United States*, 325 F.2d 798, 803 (8th Cir. 1963) (citations omitted). *See also Draeger v. Grand Central, Inc.*, 504 F.2d 142, 144 (10th Cir. 1974). Second, Plaintiffs' use of the factually barren MAI 25.04 does not fully and fairly direct the jury to resolve each and every key issue of contested fact necessary to return a verdict in favor of plaintiffs on this claim. Contested issues requiring jury resolution and necessary to support the verdict should not be omitted or assumed. *See Stephenson v. Countrywide Townhomes, LLC*, 437 S.W.3d 380 (E.D. Mo. App. 2014).

16. M.A.I. 25.09 [1990 New][modified]

For similar reasons, Defendant objects to Plaintiffs' MAI 25.09 verdict directing instruction on the negligence claim. Moreover, the negligence verdict director creates the risk of a roving commission in its failure to provide specifications of negligence in the design and/or manufacture of the door knob cover. Plaintiffs' negligence verdict director simply asks the jury to find for plaintiffs if the decedent was able to remove the door knob cover without specifying any act in the design or manufacturing process that fell below a standard of ordinary care. It is circular in that it hypothesizes that the design or manufacture of the product ended up

6

allowing a child to remove it, which is nothing more than what strict liability claim theorizes. No negligent act is hypothesized. More is needed as these are distinct claims under Missouri law. *Porter v. C.A. Dawson & Co.*, 703 F.2d 290, 292 (8th Cir. 1983); *see Seitz v. Lemay Bank & Trust Co.*, 959 S.W.2d 458, 463 (Mo.1998) ("A 'roving commission' occurs when an instruction assumes a disputed fact or submits an abstract legal question that allows the jury 'to roam freely through the evidence and choose any facts which suited its fancy or its perception of logic' to impose liability." (quoting *Davis v. Jefferson Sav. & Loan Ass'n,* 820 S.W.2d 549, 556 (Mo.Ct.App.1991))).

17. M.A.I. 5.01 [1996 Revision]

No objection except as to the final sentence which is not found in MAI 5.01 and which is argumentative and misleading and tells the jury that it must award damages by telling them where to write down a corresponding number.

18. M.A.I. 10.07 & 10.06 & 35.19 [modified]

Plaintiffs' use of MAI 10.06 is improper, misleading, confusing and contrary to law. First, the negligence verdict director does not submit any specific acts that would independently warrant punitive damages. Second,

plaintiffs' MAI 10.06 instruction on punitive damages authorizes a punitive damage award on the basis of a finding that goes no further than does the negligence verdict director alone. As such, it fails to hypothesize acts of defendant that support punitive damages. Thus plaintiffs' use of the negligence verdict director without more to submit punitive damages runs afoul of *Menaugh v. Resler Optometry, Inc.*, 799 S.W.2d 71 (Mo. 1990). Using the proposed verdict director on negligence, the jury could find in plaintiffs' favor, award compensatory damages, and never make any predicate finding that would support the imposition of punitive damages under applicable law pursuant to the negligence-based prong of the punitive damages verdict-directing instruction. This is exactly what *Menaugh* forbids. Plaintiffs' punitive damage instruction using the negligence finding requires nothing extra to be found against defendant to support punitive damages; this is not allowed. *Menaugh*, 799 S.W.2d 71, 75.

    Plaintiffs do cite 10.07 but make no real attempt to comply with it. The instruction is contrary to law, misleading, prejudicial and invites the jury to decide the punitive damages issue on an improper basis. Defendant agrees that if bifurcation is employed and there is a submissible

8

punitive damage case, then Defendant will want to converse those instructions that are given. Defendant also agrees that if punitive damages are submitted and bifurcation is employed, the verdict form should track MAI 35.19 and there should be a final package of instructions consistent with the Notes on Use (1992 New), Note 5.

19. M.A.I. 36.11 [Modified] combined with 5.01 [Modified]

Verdict A is objectionable in that it fails to capture or require apportionment of fault pursuant to the contribution among joint tortfeasors issue in the case. It is also objectionable in that it fails to require an apportionment of responsibility to implement the provisions of RSMo 537.067. Thus the verdict form is contrary to law, misleading, confusing and invites the jury to decide the case on an improper basis.

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS (EXHIBITS A and B)**

1. Defendant's M.A.I. 2.04 is unnecessary as there should be only one verdict form and one packet of instructions as this is a wrongful death case and Defendant is alleging comparative fault against the beneficiaries and not the decedent. Similarly, contribution by the plaintiffs has not been properly pleaded and is not at issue in this lawsuit.

2. Defendant's M.A.I. 25.04, 35.15 is objectionable as it does not track the M.A.I. in its wording. The first element does not appear in either cited M.A.I. Defendant changed the wording of the third element from "the product was used in a manner reasonably anticipated" to "on the night of the incident plaintiffs were using the door knob cover in a manner reasonably anticipated". This is clearly an attempt to circumvent the *Teeter v. Missouri Highway and Transportation Commission*, 891 S.W.2d 817 (Mo. banc 1995) and the wrongful death statute R.S.Mo. § 537.095 which specifically allows defenses against the deceased in a wrongful death case. Considering Defendant failed to plead contribution in this case, it is left to defend based on the deceased 23-month-old child's failure to use the doorknob cover in a manner reasonably anticipated. As a matter of law, a 23-month-old child cannot misuse a child safety product. If anything, Defendant's third element should be eliminated as a matter of law, it should not switch to require Plaintiffs to prove that they used the product in a manner reasonably anticipated.

Additionally, Defendant splits M.A.I. 25.04's fourth element into two separate elements. This is improper. The instruction should track the M.A.I. M.A.I. 35.15 has no application in this case as comparative fault of the

beneficiaries is not a proper defense in Missouri and contribution has not been pleaded.

3. Defendant's converse instruction number 17 (cited M.A.I. 33.01) is misleading as it omits the burden of proof. The greater weight of the evidence standard should be added. It is not a converse when it replaces the word "believe" in the M.A.I. 25.04 with the phrase "believe plaintiffs have proved" and is misleading if that addition is not explained.

4. Defendant's M.A.I. 25.09 (Instruction 18) does not track the M.A.I. Plaintiffs object to the extent it fails to follow M.A.I. instructions. Defendant's submission is nothing like the cited M.A.I. 25.09. This instruction does not include both potential issues which are manufacturing defect and design defect. Defendant's elements are not the elements of negligence based on negligent manufacture or negligent design under Missouri law.

5. Defendant's converse instruction number 19 is objectionable. See paragraph 4 above regarding Defendant's converse instruction number 17.

6. Defendant's instruction number 20 is entirely objectionable. It is merely argument pulled from a number of different cases. It does not track

any M.A.I. It would be highly prejudicial to Plaintiffs for the judge to read this argument of the defendant as if it were the law in Missouri.

7. Defendant's proposed instructions lack aggravated circumstances instructions. Whether Plaintiff has proved by clear and convincing evidence that Defendant has acted with conscious disregard for the safety of others is at issue in this stage of the trial and instructions to that effect must reflect that.

8. Defendant's entire second packet is objectionable as the comparative fault of wrongful death beneficiaries is not a proper defense under Missouri law and Defendant has not pleaded contribution by Plaintiffs. There is only one defendant in this case, therefore, there is no apportionment of fault issue here.

9. R.S.Mo. § 537.067 specifically states that its import should not be communicated to the jurors. That section is cited in many of Defendant's instructions. To the extent the statute's effect is communicated to the jurors in Defendant's instructions, it is objectionable.

10. Defendant's instructions numbers 24 and 25 do not track the M.A.I.s that are cited. These instructions must track the M.A.I. verdict directors as those set out the elements of a claim for contribution against

Plaintiffs. Defendant's submissions do not accurately state the law for contribution. Similarly, none of the allegations in these instructions have been pleaded by Defendant.

11. Defendant's Verdict form B is objectionable as there is no apportionment of fault at issue in this case. Plaintiffs have alleged no comparative fault of Jacob Coterel, the deceased 23-month-old child, and have not pleaded contribution claims against the Plaintiffs.

***

Each party reserves the right to supplement, modify, amend or withdraw the foregoing objections based on further developments in the record and/or further instructions or verdict forms proposed by the other parties and/or rulings or orders by the court.

Date: February 17, 2015           Respectfully submitted,

**BERKOWITZ OLIVER WILLIAMS SHAW & EISENBRANDT LLP**

By: /s/ Thomas P. Schult
    Thomas P. Schult #29986
    Kenneth J. Duvall #63476
    2600 Grand Boulevard, Suite 1200
    Kansas City, Missouri 64108
    Telephone: (816) 627-0239
    Facsimile: (816) 561-1888
    tschult@berkowitzoliver.com

kduvall@berkowitzoliver.com

**SCHIFF HARDIN LLP**

Jonathan Judge *(Admitted Pro Hac Vice)*
Matthew Schiltz *(Admitted Pro Hac Vice)*
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606-6473
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
jjudge@schiffhardin.com
mschiltz@schiffhardin.com

**ATTORNEYS FOR DEFENDANT DOREL JUVENILE GROUP, INC.**

**and**

**BROWN & CROUPPEN, P.C.**

By: /s/ J. Brad Wilmoth
J. Brad Wilmoth #56922
Richard J. Zalasky #4768 (Fed.)
Dale R. Funk, #65326
Brown & Crouppen, P.C.
Attorney for Plaintiff
One Metropolitan Square
211 N. Broadway
Suite 1600
St. Louis, MO 63102
Telephone: (314) 421-0216
Facsimile: (314) 421-0359
bradw@getbc.com
richz@getbc.com
dalef@getbc.com

pipleadings@getbc.com

**ATTORNEYS FOR PLAINTIFFS**

# CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to all counsel of record.

        /s/ Thomas P. Schult
**Attorney for Defendant Dorel Juvenile Group, Inc.**