

**EXHIBIT A**

**Defendant Dorel Juvenile Group, Inc.'s Proposed Jury Instructions**

**Defendant Dorel Juvenile Group, Inc.'s Proposed Preliminary Instructions for Use During Trial**

## INSTRUCTION NO. _____

      The plaintiffs and the defendant have stipulated — that is, they have agreed — that certain facts are as counsel have just stated. You should, therefore, treat those facts as having been proved.

**Reference:** *Manual of Model Civil Jury Instructions for The District Courts of The Eighth Circuit* (2014) 2.3.

**Submitted by Defendant**.

Given             _____
Refused          _____
Given as Modified   _____
Withdrawn      _____

**INSTRUCTION NO. _____**

      Testimony will now be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered was recorded in writing and now will be read to you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person.

**Reference:** *Manual of Model Civil Jury Instructions for The District Courts of The Eighth Circuit* (2014) 2.15.

**Submitted by Defendant**.

Given             _____
Refused          _____
Given as Modified   _____
Withdrawn       _____

**Defendant Dorel Juvenile Group, Inc.'s Proposed Preliminary Instructions for Use at Close of Trial**

**INSTRUCTION NO. _____**

The term "negligent" or "negligence" as used in these instructions means the failure to use ordinary care. The phrase "ordinary care" means that degree of care that an ordinarily careful person would use under the same or similar circumstances.

**Reference:** *Missouri Approved Jury Instructions*, 7th ed. (2012) 11.07 [1996 Revision] Negligence and Ordinary Care Combined

**Submitted by Defendant**.

Given                              _____
Refused                          _____
Given as Modified        _____
Withdrawn                     _____

**INSTRUCTION NO. _____**

There are two claims submitted to you and each of them contains a separate verdict form. The verdict forms included in these instructions contain directions for completion and will allow you to return the permissible verdicts in this case. A verdict must be signed by each juror who agrees to it.

**Reference:** *Missouri Approved Jury Instructions*, 7th ed. (2012) 2.04 [1981 Revision] Return of Verdict.

**Submitted by Defendant**.

Given                          _____
Refused                        _____
Given as Modified   _____
Withdrawn                  _____

**PACKAGE ONE**

**(Wrongful Death)**

**INSTRUCTION NO. _____**

Instructions _ through _ and general instructions _ through _ apply to the claim of Plaintiffs for the death of their son Jacob Coterel.  Use Verdict A to return your verdict on this claim.

**Reference:** *Missouri Approved Jury Instructions*, 7th ed. (2012) 2.05.

**Submitted by Defendant**.

Given                          _____
Refused                      _____
Given as Modified    _____
Withdrawn                _____

**INSTRUCTION NO. _____**

In Verdict A, on the plaintiffs' claim for the death of Jacob Coterel based on product liability, your verdict must be for plaintiffs if you believe:

First, Jacob Coterel removed the Clear Grip door knob cover from the door knob on the night of the incident, and

Second, the door knob cover was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and

Third, on the night of the incident plaintiffs were using the door knob cover in a manner reasonably anticipated by defendant Dorel Juvenile Group, Inc., and

Fourth, such defective condition existed when the door knob cover was sold and

Fifth, such defective condition directly caused or directly contributed to cause the death of Jacob Coterel.

**Reference:** *Missouri Approved Jury Instructions*, 7th ed. (2012) 25.04, 35.15 (modified).

**Submitted by Defendant**.

Given          _____
Refused          _____
Given as Modified   _____
Withdrawn          _____

**INSTRUCTION NO. _____**

      Your verdict must be for Dorel Juvenile Group, Inc. under Instruction No._ unless you believe plaintiffs have proved each and every proposition set forth in Instruction No. __:

**Reference:** *Missouri Approved Jury Instructions*, 7th ed. (2012) 33.01.

**Submitted by Defendant**.

Given               _____
Refused            _____
Given as Modified   _____
Withdrawn       _____

**INSTRUCTION NO. _____**

In Verdict A, on the plaintiffs' claim for the death of Jacob Coterel based on negligence, your verdict must be for plaintiffs if you believe:

First, Jacob Coterel removed the Clear Grip door knob cover from the door knob on the night of the incident, and

Second, Dorel Juvenile Group, Inc. designed the door knob cover, and

Third, Dorel Juvenile Group, Inc. failed to use ordinary care to design the door knob cover to be reasonably safe, and

Fifth, such failure directly caused or directly contributed to cause the death of Jacob Coterel.

**Reference:** *Missouri Approved Jury Instructions*, 7th ed. (2012) 25.09.

**Submitted by Defendant**.

Given            _____
Refused          _____
Given as Modified  _____
Withdrawn        _____

**INSTRUCTION NO. _____**

Your verdict must be for Dorel Juvenile Group, Inc. under Instruction No._

unless you believe plaintiffs have proved each and every proposition set forth in

Instruction No. __:

**Reference:** *Missouri Approved Jury Instructions*, 7th ed. (2012) 33.01.

**Submitted by Defendant**.

Given              _____
Refused            _____
Given as Modified  _____
Withdrawn          _____

**INTRUCTION NO. _____**

A manufacturer is not obliged to market only one version of a product, that being the very safest design possible.

The defendant in this case is not a guarantor against or liable for any and all accidents and injuries that arise or occur by reason of the use of the Clear Grip. Nor is there a duty upon the defendant to sell a door knob cover which is "accident proof." What the defendant is required to do is sell a product free from any defective and unreasonably dangerous condition.

**Reference:**

*Linegar v. Armour of Am., Inc.,* 909 F.2d 1150, 1154 (8th Cir. 1990) (first sentence was a holding of the Court, applying Missouri law); *Sandage v. Bankhead Enterprises, Inc.,* 177 F.3d 670, 673 (8th Cir. 1999) (reaffirming *Linegar*)

*Crump v. Versa Products, Inc.,* 400 F.3d 1104 (8th Cir. 2005) (approving verdict director with second through fourth sentences, applying Missouri products liability law); *Laubach v. Otis Elevator Co.,* 37 F.3d 427, 429 (8th Cir. 1994) (same under negligence theory).

**Submitted by Defendant.**

Given                     _____

Refused                  _____

Given as Modified   _____

Withdrawn            _____

**INSTRUCTION NO. _____**

      If you find in favor of plaintiffs James Coterel and Crystal Naylor, then you must award Plaintiffs such sum as you believe will fairly and justly compensate them for any damages you believe decedent Jacob Coterel sustained and plaintiffs are reasonably certain to sustain in the future as a direct result of the fatal injury to Jacob Coterel.

      You must not consider grief or bereavement suffered by reason of the death.

**Reference:** *Missouri Approved Jury Instructions*, 7th ed. (2012) 5.01.

**Submitted by Defendant**.

| | |
|---|---|
| Given | _____ |
| Refused | _____ |
| Given as Modified | _____ |
| Withdrawn | _____ |

# VERDICT A

Note:  Complete this form by writing in the name(s) required by your verdict.

On the claim of Plaintiffs James Coterel and Crystal Naylor for compensatory damages for the death of Jacob Coterel against defendant Dorel Juvenile Group, Inc., we, the undersigned jurors, find in favor of:

_____

Plaintiffs James Coterel and          or                      Defendant Dorel
Crystal Naylor                                                 Juvenile Group, Inc.

Note:  Complete the following paragraph if and only if the above finding is in favor of plaintiffs James Coterel and Crystal Naylor:

We, the undersigned jurors, assess the compensatory damages of plaintiffs James Coterel and Crystal Naylor for the death of Jacob Coterel at $_____ (stating the amount)

Note:  All jurors who agree to the above findings must sign and print their names below:

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

**Reference:** *Missouri Approved Jury Instructions*, 7th ed. (2012) 36.01.

**Submitted by Defendant**.

Given    _____
Refused    _____
Given as Modified _____
Withdrawn   _____

**PACKAGE TWO**

**(Apportionment of Fault)**

**INSTRUCTION NO. _____**

      If you found in favor of Dorel Juvenile Group, Inc. on Verdict Form A, you must not fill out any further instructions.  You must now return Verdict Form A to the courtroom.

      Instructions _ through _ and general instructions _ through _ and apply to the counterclaim of Dorel Juvenile Group, Inc. against James Coterel and Crystal Naylor for apportionment of fault for the death of Jacob Coterel.  Use Verdict B to return your verdict on this counterclaim.

**Reference:** *Missouri Approved Jury Instructions*, 7th ed. (2012) 2.05, 35.15, 36.11; RSMo § 537.067

**Submitted by Defendant**.

Given            _____
Refused         _____
Given as Modified   _____
Withdrawn      _____

**INSTRUCTION NO. _____**

If Verdict A is in favor of plaintiffs and against defendant Dorel Juvenile Group, Inc. and if Verdict B is in favor of Dorel Juvenile Group, Inc., you must assess the proportion of fault which each party listed in Verdict B has for plaintiffs' damages assessed in Verdict A.

**Reference:** *Missouri Approved Jury Instructions*, 7th ed. (2012) 4.13; RSMo § 537.067

**Submitted by Defendant**.

Given               _____
Refused             _____
Given as Modified   _____
Withdrawn           _____

# INSTRUCTION NO. _____

You must apportion fault to plaintiff James Coterel for the death of Jacob Coterel

in Verdict B if you believe:

First, James Coterel was aware that Jacob Coterel could remove the Clear Grip

door knob cover, and

Second, James Coterel failed to use ordinary care in response to that knowledge,

and

Third, such failure directly caused or directly contributed to cause the death of

Jacob Coterel.

**Reference:** *Missouri Approved Jury Instructions*, 7th ed. (2012) 17.01, 19.01, 31.00, 37.01;
RSMo § 537.067

**Submitted by Defendant**.

Given            _____
Refused          _____
Given as Modified   _____
Withdrawn        _____

## INSTRUCTION NO. _____

You must apportion fault to plaintiff Crystal Naylor for the death of Jacob

Coterel in Verdict B if you believe:

First, Crystal Naylor did not engage the chain lock on the front door on the night

of the incident, and

Second, Crystal Naylor thereby failed to use ordinary care, and

Third, such failure directly caused or directly contributed to cause the death of

Jacob Coterel.

**Reference:** *Missouri Approved Jury Instructions*, 7th ed. (2012) 17.01, 19.01, 31.00, 37.01; RSMo § 537.067

**Submitted by Defendant**.

Given               _____
Refused             _____
Given as Modified   _____
Withdrawn           _____

**VERDICT B**

Note:  Complete this form if fault is to be apportioned.

On the counterclaim of defendant Dorel Juvenile Group, Inc. against plaintiffs James Coterel and Crystal Naylor for assessment of the proportions of fault for plaintiffs' damage assessed in Verdict A, we, the undersigned jurors find:

Note:  Complete by writing in the percentage of the relative fault for each party you believe to be at fault.  (If you believe a party named below is not at fault, write in "zero" for the percentage.)  You may not write in "zero" for any party you have determined to be at fault under the other instructions in the case.  You should not complete Verdict B if you found in favor of Dorel Juvenile Group on plaintiffs' claims on Verdict A. The total of the percentages you assess must not exceed 100%.

James Coterel is                      _____% at fault.

Crystal Naylor is                     _____% at fault.

Dorel Juvenile Group, Inc., is        _____% at fault.

Note:  All jurors who agree to the above findings must sign and print their names below:

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

**Reference:** *Missouri Approved Jury Instructions*, 7th ed. (2012) 35.15, 36.05, 36.15; RSMo § 537.067

**Submitted by Defendant**.

Given _____
Refused _____
Given as Modified _____
Withdrawn _____